ALLACCESS LAW GROUP
Irene Karbelashvili, State Bar Number 232223
irene@allaccesslawgroup.com
Irakli Karbelashvili, State Bar Number 302971
irakli@allaccesslawgroup.com
1400 Coleman Ave Ste F28
Santa Clara, CA 95050
Telephone: (408) 295-0137
Fax: (408) 295-0142

Attorneys for CARLOS PENA, Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS PENA,<br>　　　　　Plaintiff,<br><br>vs.<br><br>ANGELOU'S TS ENTERPRISES, INC.;<br>WENDY B. WARREN,<br><br>　　　　　Defendants. | Case No. 22-9061<br><br>*Civil Rights*<br><br>**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES**<br><br>1. Violations of Title III of the Americans with Disabilities Act of 1990 (42 U.S.C. 12101 et seq.)<br><br>2. Violations of the California Unruh Act (Cal. Civil Code § 51 et seq.)<br><br>3. Violations of the California Health and Safety Code, §§19955 et seq.<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff CARLOS PENA ("Plaintiff") hereby complains of Defendants ANGELOU'S TS ENTERPRISES, INC.; WENDY B. WARREN ("Defendants") as follows:

## INTRODUCTION

1. This is a civil rights action involving the lack of disabled access to the building, structure, facility, complex, property, land, development, and/or business complex known as "Angelou's Mexican Grill" located at or about: 21 N 2nd St, San Jose, California ("Restaurant").

2. Plaintiff is physically disabled and requires the use of a wheelchair for mobility.

3. Defendants' lack of accessible facilities denies "full and equal" access required by Title III of the Americans with Disabilities Act of 1990 and supplementary California civil rights laws. As a result, Plaintiff has been denied full and equal access to the Restaurant and has been embarrassed and humiliated. Plaintiff seeks declaratory and injunctive relief requiring full and equal access under the Americans with Disabilities Act of 1990 ("ADA") and California law and damages under California law. Plaintiff also seeks recovery of reasonable statutory attorney fees, litigation expenses and costs under federal and state law.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this action pursuant to 28 USC § 1331 for violations of the ADA, 42 USC §§ 12101 *et seq*. Pursuant to supplemental jurisdiction, attendant and related causes of action, arising from the same facts, are also brought under California law, including, but not limited to, violations of Health and Safety Code and the Unruh Civil Rights Act.

5. Venue is proper in this court pursuant to 28 USC § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this District and that Plaintiff's causes of action arose in this District.

6. **<u>Intradistrict Assignment</u>:** This case should be assigned to the San Jose Division of the Northern District of California, as the real property which is the subject of this action is located in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

## PARTIES

7. Plaintiff is a person with physical disabilities, as defined by all applicable California and

1  United States laws. Plaintiff has been physically disabled due to cerebral palsy and spinal fusion.
2  As a result, Plaintiff is unable to walk and is confined to a motorized wheelchair. Plaintiff is
3  unable, due to his physical disability, to independently use public facilities that are not designed
4  and/or constructed in compliance with applicable accessibility standards to accommodate
5  disabled persons who require a wheelchair for mobility. Plaintiff is a resident of San Jose,
6  California.
7  8.     Defendants are, and at all relevant times were, the owners, operators, lessors and/or lessees
8  of the subject business, property, and building at all times relevant to this Complaint.
9  9.     Plaintiff is informed, believes, and thereon alleges that each Defendant is and was, at all
10 times relevant, the agent, employee, or representative of each other Defendants. Each Defendant
11 in doing the acts or in omitting to act as alleged in this Complaint, was acting within the course
12 and scop of his or her actual apparent authority pursuant to such agency, or the alleged acts or
13 omissions of each Defendant as agent were subsequently ratified and adopted by each Defendant
14 as principal.
15 10.    Defendants failed to ensure that the accommodations, goods, services, and opportunities
16 were accessible to Plaintiff and other members of the public who have physical disabilities.
17 Defendants' failure to comply with Federal and State access laws proximately caused the
18 violations and ongoing violations and damages to plaintiff complained of herein.

**FACTUAL ALLEGATIONS**

20 11.    Defendants discriminated against Plaintiff because the Restaurant's facilities and policies
21 do not comply with the requirements of the ADA, the Unruh Act, and the California Health and
22 Safety. Defendants have failed and refuse to provide full and equal access to the services,
23 privileges, benefits, and advantages that they provide to persons without disabilities at the
24 Restaurant.
25 12.    The Restaurant and its facilities, including but not limited to its entrances/exits, interior
26 paths of travel, transaction counters, are a "public accommodation" and part of a "business
27 establishment," subject to the requirements of § 301(7) of the ADA (42 U.S.C. § 12181(7)) and of
28

California Civil Code §§ 51 *et seq.*

13.     On information and belief, the Restaurant and its facilities have, since January 26, 1993, undergone construction, alterations, structural repairs, and/or additions, subjecting the facility to disabled access requirements of 303 of the ADA (42 U.S.C. § 12183). Such facilities constructed or altered since 1982 are also subject to "Title 24," the California State Architect's Regulations. Irrespective of the Restaurant's construction and alteration history, removal of the access barriers at the subject premises are subject to the "readily achievable" barrier removal requirements of Title III of the ADA.

14.     On October 1, 2022, Plaintiff attempted to have a late lunch at the Restaurant but was unable to because there was a step at the entrance door to the Restaurant preventing him from entering inside. There was also no alternative accessible route that Plaintiff could utilize to enter inside of the Restaurant. Consequently, Plaintiff had no choice but to leave. Plaintiff subsequently returned to the Restaurant on November 2, 2022. This time Plaintiff was with his assistant. Plaintiff's assistant went inside of the Restaurant and ordered Plaintiff's food to go while Plaintiff waited outside. This made Plaintiff feel secondary to able-bodied customers. Plaintiff wants to be able to dine inside of the Restaurant like everyone else but is unable to because the Restaurant is not accessible to wheelchair users.

15.     The Restaurant is located in close proximity to Plaintiff's office, and he could and would dine at the Restaurant if it is made accessible to him. He, however, is deterred from returning to the Restaurant and dining inside because it is not wheelchair accessible.

16.     Before filing this lawsuit, Plaintiff's accessibility expert did an informal investigation of Restaurant. While he could not make detailed measurements, he determined that the Restaurant was also inaccessible in multiple other ways, including, but not limited to, the following barriers related to Plaintiff's disabilities: (1) No exterior accessible tables; (2) Front door heavy; (3) No clearance at front door; (4) Interior designated wheelchair accessible tables are not compliant due to lack of adequate knee space; (5) Casher counter is too high; (6) No path of travel to customer restroom due to counter seating blocking the path; (7) No lower counter seating; (8)  Customer

restroom door does not provide adequate clearance at pull side; (9) Customer restroom door handle requires twisting; (10) Sink inside of customer restroom does not provide clear knee space; (11) Toilet is over 18" from sidewall; (12) Seat cover dispenser over 40"; (13) Seat cover dispenser blocked by WC; (14) Toilet paper dispenser is out of reach; (15) Rear grab bar more than 6" from side wall and not centered 12/24" from center on toilet; (16); Side grab bar less than 42" long, more than 12" from back wall, does not provide 24" from the rim on WC, and is less than 54" from back wall; and (17) Paper towel dispenser is out of reach. These barriers to access are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's accessibility expert, per the 9th Circuit's standing standards under *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008), *Chapman v. Pier One Imports (USA), Inc.,* 631 F.3d 939 (9th Cir. 2011).

17.  Plaintiff alleges that it would be a futile gesture to provide notices of violations relating to his continued and/or attempted visits, which are certain to occur on a regular basis following the filing of this Complaint. Therefore, Plaintiff will seek to supplement this Complaint at the time of trial as to subsequent events, according to proof.

18.  Defendants knew, or should have known, that these elements and policies rendered Restaurant inaccessible, violate state and federal law, and interfere with and/or deny access to individuals with similar mobility disabilities. Upon information and belief, Defendants have the financial resources to remove these barriers and make the Restaurant accessible to persons with physical disabilities. To date, however, Defendants refuse to remove those barriers or to provide full and equal access to the Restaurant.

19.  As a result of Defendants' actions and failures to act and failure to provide disabled access, Plaintiff suffered a denial of his civil rights, emotional discomfort, and denial of rights to full and equal access to public accommodations, all to his general, special, and statutory damages. On each such denial of access, Plaintiff has encountered barriers to full and equal access which have caused him difficulty, discomfort, and embarrassment. Plaintiff has been required to seek legal assistance, and seeks statutory attorney fees, litigation expenses, and costs, pursuant to federal and state law.

20. Plaintiff's goal in this suit is a positive one: to make the Restaurant fully accessible to wheelchair users.

# FIRST CAUSE OF ACTION:

## VIOLATION OF THE ADA, TITLE III

### [42 USC 12101 *et seq.*]

21. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them herein as if separately repled.

22. Plaintiff was at all times relevant herein a qualified individual with a disability as defined by the ADA, as he has impairments that substantially limit one or more major life activities.

23. Plaintiff has reasonable grounds for believing he will be subjected to discrimination each time that he may attempt to access and use the subject facilities.

24. The subject property and facility are among the "private entities," which are considered "public accommodations" for purposes of Title III of the ADA. 42 U.S.C. 12181(7)(B).

25. The acts and omissions of Defendants set forth herein was in violation of Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 C.F.R. Part 36, *et seq*.

26. Plaintiff alleges on information and belief that the Restaurant was designed and/or constructed (or both) after January 26, 1993 -- independently triggering access requirements under Title III of the ADA. Here, Defendants violated the ADA by designing and/or constructing the Restaurant in a manner that did not comply with federal and state disability access standards even though it was practicable to do so.

27. The removal of each of the barriers complained of by Plaintiff as herein alleged, was at all times herein mentioned "readily achievable" under the standards of § 12181 and § 12182 of the ADA. The ability to have an accessible entrance is a fundamental necessity. Without this ability, Plaintiff is unable to availabe himself of the goods and services offered at the subject premises on a full and equal basis. Therefore, the benefits of creating access does not exceed the costs of readily achievable barrier removal. These costs are fundamental to doing business, like

any other essential function of operating a public accommodation. Furthermore, these are the types of barriers identified by the Department of Justice as being readily achievable to remove, and, in fact, these barriers are readily achievable to remove. Also, as noted throughout this Complaint, removal of each and every one of the architectural barriers complained of herein was also required under California law.

28. Plaintiff alleges on information and belief that the Restaurant was modified after January 26, 1993. Any alterations, structural repairs, or additions since January 26, 1993, have independently triggered requirements for removal of barriers to access for disabled persons per 12183 of the ADA.

29. Defendants have discriminated against Plaintiff in violation of Title III of the ADA by:

 a) providing benefits to the Restaurant that are unequal to that afforded to people without disabilities;

 b) failing to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford (and would not fundamentally alter the nature of) the goods, services, facilities, privileges, advantages, or accommodations of the Restaurant to individuals with disabilities;

 c) failing to remove architectural barriers that are structural in nature in existing facilities where such removal is readily achievable; and

 d) where Defendants can demonstrate the removal of architectural barriers is not readily achievable, failing to make the goods, services, facilities, privileges, advantages, or accommodations of the Restaurant available through alternative methods if such methods are readily achievable.

30. On information and belief, as of the date of Plaintiff's visit's to the Restaurant and as of the filing of this Complaint, the subject premises have denied and continue to deny full and equal access to Plaintiff.

31. Pursuant to the ADA, 42 U.S.C. § 12188 *et seq*., Plaintiff is entitled to the remedies and procedures set forth in 204(a) of the Civil Rights Act of 1964, 42 U.S.C. § 2000(a)-3(a), as he is

being subjected to discrimination based on disability in violation of the ADA or has reasonable grounds for believing that he is about to be subjected to discrimination.

32. Plaintiff seeks relief pursuant to remedies set forth in 204(a) of the Civil Rights Act of 1964, 42 § U.S.C. 2000(a)-3(a), and pursuant to Federal Regulations adopted to implement the ADA.

WHEREFORE, Plaintiff requests relief as outlined below.

## SECOND CAUSE OF ACTION:
## VIOLATION OF UNRUH CIVIL RIGHTS ACT
### [Cal. Civil Code 51 *et seq.*]

33. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all paragraphs of this Complaint and incorporates them herein by reference as if separately repled hereafter.

34. The Restaurant is a business establishment within the meaning of the Unruh Act. Defendants are the owners and operators of a business establishment.

35. Defendants violated the Unruh Act by their acts and omissions, as follows:

   a) Failure to construct and/or alter the Restaurant in compliance with state building code and state architectural requirements;
   
   b) Failure to remove known barriers to access at the Restaurant;
   
   c) Failure to modify policies and procedures as necessary to ensure Plaintiff full and equal access to the accommodations, advantages, facilities, privileges, and/or services of the Restaurant; and Violation of the ADA, a violation of which is a violation of the Unruh Act. Cal. Civil Code 51(f).

36. Plaintiff has experienced barriers to access at the Restaurant, all of which have caused him major difficulty, discomfort, and embarrassment. Plaintiff suffered mental and emotional damages, including statutory and compensatory damages, according to proof.

37. Further, on information and belief, the Restaurant and its respective premises are also illegally inaccessible in multiple other respects. As noted above, the barriers to access described

in this Complaint are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant(s)/expert(s).

38. These barriers to access render the Restaurant and its premises inaccessible to and unusable by persons with mobility disabilities. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof. Plaintiff prays for leave to amend this Complaint, if necessary, to obtain full injunctive relief as to those barriers that limit or deny full and equal access to Plaintiff.

39. Each violation of the ADA constitutes a separate and distinct violation of California Civil Code § 51(f), thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to Civil Code § 52(a).

40. With respect to Defendants' violations of the Unruh Act that are not predicated on violations of the ADA, Defendants' behavior was intentional: they were aware of and/or were made aware of their duties to remove barriers that prevent persons with mobility disabilities like Plaintiff from obtaining full and equal access to the Restaurant. Defendants' discriminatory practices and/or policies deny full enjoyment of the Restaurant to persons with physical disabilities indicate actual and implied malice and conscious disregard for the rights of Plaintiff and other similarly disabled individuals. Accordingly, Defendants have engaged in willful affirmative misconduct in violating the Unruh Act.

41. Plaintiff's injuries are ongoing so long as Defendants do not modify their policies and procedures and provide fully accessible facilities to Plaintiff.

42. At all times herein mentioned, Defendants knew, or in the exercise of reasonable diligence should have known, that their barriers, policies and practices at their facilities violated disabled access requirements and standards and had a discriminatory impact upon Plaintiff and upon other persons with similar mobility disabilities, but Defendants failed to rectify the violations, and presently continues a course of conduct in maintaining barriers that discriminate against Plaintiff and similarly situated persons with disabilities.

WHEREFORE, Plaintiff requests relief as outlined below.

**THIRD CLAIM:**

**VIOLATION OF THE CALIFORNIA HEALTH AND SAFETY CODE**

**[Cal. Health and Safety Code §§19955 *et seq.*]**

43. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them herein as if separately repled.

44. Health & Safety Code §19955 provides in pertinent part:

> The purpose of this part is to ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code. For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers. When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the handicapped.

45. Health & Safety Code §19956, which appears in the same chapter as §19955, provides in pertinent part, "accommodations constructed in this state shall conform to the provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code … ." Health & Safety Code §19956 was operative July 1, 1970 and is applicable to all public accommodations constructed or altered after that date.

46. On information and belief, substantial portions of the Restaurant and/or the building(s) had alterations, structural repairs, and/or additions made to such public accommodations after July 1, 1970, thereby requiring the Restaurant to be subject to the requirements of Part 5.5, §19955, *et seq.,* of the Health & Safety Code upon such alteration, structural repairs or additions per Health & Safety Code §19959.

47. Pursuant to the authority delegated by Government Code §4450, *et seq.*, the State Architect promulgated regulations for the enforcement of these provisions. Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations, and these regulations must be complied with as to any alterations

1  and/or modifications of the Restaurant and/or the building(s) occurring after that date.
2  Construction changes occurring prior to this date but after July 1, 1970, triggered access
3  requirements pursuant to the "ASA" requirements, the American Standards Association
4  Specifications, A117.1-1961.

5  48.     On information and belief, at the time of the construction and modification of said
6  building, all buildings and facilities covered were required to conform to each of the
7  standards and specifications described in the American Standards Association
8  Specifications and/or those contained in the California Building Code.

9  49.     The Restaurant is a "public-accommodations or facilities" within the meaning of
10 Health & Safety Code §19955, *et seq.*

11 50.     As a result of the actions and failure to act by Defendants, and as a result of the
12 failure to provide proper and legally accessible public facilities, Plaintiff was denied his
13 right to full and equal access to public facilities and suffered a loss of civil rights and rights
14 as a person with physical disabilities to full and equal access to public facilities.

15         WHEREFORE, Plaintiff requests relief as outlined below.

### PRAYER FOR RELIEF

17 1.      Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth in this
18 Complaint. Plaintiff has suffered and will continue to suffer irreparable injury as a result of the
19 unlawful acts, omissions, policies, and practices of Defendants as alleged herein, unless Plaintiff
20 is granted the relief he requests. Plaintiff and Defendants have an actual controversy and
21 opposing legal positions as to Defendants' violations of the laws of the United States and the
22 State of California. The need for relief is critical because the rights at issue are paramount under
23 the laws of the United States and the State of California;

24 2.      Plaintiff requests a declaratory judgment that Defendants' actions, omissions, and failures
25 -- including but limited to: failing to remove known architectural barriers at the Restaurant so as
26 to make the facilities "accessible to and useable by" mobility disabled persons; failing to
27 construct and/or alter the Restaurant in compliance with federal access standards, state building
28

code, and state architectural requirements; and failing to make reasonable modifications in policy and practice for Plaintiff and other persons with similar mobility disabilities;

3. Plaintiff requests that the Court issue an order enjoining Defendants, their agents, officials, employees, and all persons and entities acting in concert with it:

   a) From continuing the unlawful acts, conditions, and practices described in this Complaint;
   b) To provide reasonable accommodations for persons with disabilities in all its programs, services, and activities at the Restaurant;
   c) To ensure that persons with disabilities are not denied the benefits of, or participation in, programs, services, and activities at the Restaurant;
   d) To modify the above-described facilities to provide full and equal access to persons with mobility disabilities, including without limitation, the removal of all barriers to access where "readily achievable;"
   e) To maintain such accessible facilities once they are provided;
   f) To train Defendants' employees and agents in how to accommodate the rights and needs of physically disabled persons at the Restaurant;
   g) To implement nondiscrimination protocols, policies, and practices for accommodating persons with mobility disabilities at the Restaurant.

4. Plaintiff requests that the Court retain jurisdiction over Defendants until the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and cannot recur;

5. Plaintiff requests all appropriate damages, including but not limited to statutory, compensatory, and treble damages in an amount within the jurisdiction of the Court, all according to proof;

6. Plaintiff requests all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law, including but not limited to the ADA, 42 U.S.C. 12205; the Unruh Act, California Civil Code 52; and "public interest" attorney fees, litigation expenses and

1  costs pursuant to the provisions of California Code of Civil Procedure 1021.5;

2  7.   Plaintiff requests prejudgment interest pursuant to California Civil Code 3291;

3  8.   Plaintiff requests interest on monetary awards as permitted by law; and

4  9.   Plaintiff requests such other and further relief as this Court may deem just and proper.

Date: December 21, 2022                              ALLACCESS LAW GROUP

                                                      /s/ Irakli Karbelashvili
                                                     By IRAKLI KARBELASHVILI, Esq.
                                                     Attorney for Plaintiff
                                                     CARLOS PENA

**JURY DEMAND**

Plaintiff hereby demands a trial by jury for all claims for which a jury is permitted.

Date: December 21, 2022                    ALLACCESS LAW GROUP


       /s/ Irakli Karbelashvili
By IRAKLI KARBELASHVILI, Esq.
Attorney for Plaintiff
CARLOS PENA